# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,               )
                                 )
    Plaintiff,                    )
                                 )
    v.                            )   ID No. 0909018475A & B
                                 )
MICHAEL WASHINGTON,              )
                                 )
    Defendant.                    )

Submitted: October 7, 2016, 2016
Decided: October 19, 2016

Upon Defendant's Appeal from Commissioner's Findings of Fact and
Recommendation,
**AFFIRMED.**

Upon Defendant's Amended Motion for Postconviction Relief and Supplemental
Claims,
**DENIED.**

Upon Motion to Withdraw as Counsel of Andrew J. Witherell, Esquire,
**GRANTED.**

## ORDER

Karin M. Volker, Esquire, Deputy Attorney General, Department of Justice, 820
North French Street, Wilmington DE 19801, Attorney for the State.

Andrew J. Witherell, Esquire, 100 East 14th Street, Wilmington, DE 19801,
Attorney for the Defendant.

Michael Washington, *pro se,* Smyrna, DE 19977.

**WHARTON, J.**

This 19th day of October, 2016, upon consideration of Defendant Michael Washington's ("Washington") Amended Motion for Postconviction Relief ("Amended Motion"), the State's Response to Washington's Amended Motion for Postconviction Relief, Washington's Reply to the State's Response, the Motion to Withdraw as Counsel of Andrew J. Witherell, Esquire, Washington's final Amended Motion and Supplemental Claims, the Commissioner's Report and Recommendation on Defendant's Pro Se Motion for Postconviction Relief and Rule 61 Counsel's Motion to Withdraw ("Report"), Washington's Appeal from Commissioner's Findings of Fact and Recommendations ("Appeal"), and the record in this case, it appears to the Court that:

1.     In the Report, the Commissioner details the extensive procedural history of this case culminating in his Report.[1]  The Court sees no reason to repeat that history here and adopts the Commissioner's recitation.  The Court only adds that it is worth noting that both the Commissioner and his retired predecessor afforded Washington every reasonable opportunity to advance his postconviction claims.  The Commissioner filed his Report on September 27, 206 and Washington filed his timely appeal on October 7, 2016.

2.     Similarly, the Commissioner draws on the Delaware Supreme Court's

_____

[1] D.I. 147 at 4-10.

Order on appeal dated October 14, 2011 to present the facts of the case.[2] The Court adopts that recitation of facts as well.

3. The Commissioner summarized Washington's final amended and supplemental claims for postconviction relief, in Washington's own words as follows:

Ground One: Trial Counsel was ineffective for failing to move to suppress the out-of-court hearsay statements of the State's witnesses.

Ground Two: The Prosecutor committed plain error through the manipulation of facts mislead the jury as to the conditions of Christopher Waterman's federal plea agreement.

Ground Three: The Prosecutor committed plain error denying the defendant the right to a fair trial by manipulating trial evidence and vouching for the State's witnesses.

Ground Four: Trial Court committed plain error by allowing Detective Ciritella to testify as an expert on State's forensic science evidence.

Supplemental Claim One: The prosecution improperly interjected into the trial information regarding where the shooter was seated in the vehicle that was not factually supported based on the testimony of the State's ballistic expert, Carl Rone.

Supplemental Claim Two: Prosecutorial Misconduct. The State improperly argued that the two bullet fragments recovered by Det. Ciritella from in front of April Gardner's house had been fired from the same gun as that used to kill the victims was improper and unsupported by expert testimony.

Supplemental Ground Three: The Court abused its discretion and deprived defendant of the right to adequately cross-examine the State's expert witness following a jury view of the actual vehicle in which the victims were killed.[3]

---

[2] *Id.* at 1-3 (citing *Washington v. State* 2011 WL 4908250 (Del. October, 2011)).
[3] *Id.* at 9-10.

3

3.      Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[4]  A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[5]  Repetitive motions are only considered if it is "warranted in the interest of justice."[6]  Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[7]  Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[8]  Former adjudications are only reconsidered if "warranted in the interest of justice."[9]

4.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal

---

[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(i)(2).
[6] *Id.*
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(4).
[9] *Id.*

Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]

4. Of the four grounds for relief advanced in Washington's Amended Motion and the three Supplemental Grounds, only one claim – the claim that counsel was ineffective for failing to move to suppress out of court hearsay statements of State's witnesses – clearly alleges ineffective assistance of counsel and is not subject to the procedural bars to relief of Rules 61(i)(1)-(4). The remaining six claims for relief, with the possible exception of Supplemental Claim One, are subject to the procedural bars unless Washington can show that new evidence exists that creates a strong inference that he is actually innocent in fact[12] or that a new retroactively applicable rule of constitutional law applies to his case.[13] Since neither of those two circumstances is present here, the bars to relief apply.

5. The Commissioner applied the bar of Rule 61(i)(3), procedural default, to Ground Two, prosecutorial misconduct concerning Christopher Waterman's federal plea agreement;[14] Ground Three, prosecutorial misconduct by manipulating evidence and vouching for State's witnesses;[15] Ground Four, plain

---

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*
[12] Super. Ct. Crim. R. 61(d)(2)(i).
[13] Super. Ct. Crim. R. 61(d)(2)(ii).
[14] D.I. 147 at 16.
[15] *Id.* at 17.

error by the trial court in permitting a detective to testify as an expert;[16] Supplemental Claim One, prosecutorial misconduct in summation;[17] and Supplemental Claim Three, prosecutorial misconduct/abuse of discretion.[18] None of the claims were asserted in the proceedings leading to the judgment of conviction, and are barred since Washington has failed to show cause for relief from his procedural default and prejudice from a violation of his rights.

6.    The Commissioner applied the bar of Rule 61(i)(4), former adjudication, to Supplemental Claim Two, prosecutorial misconduct relating to a ballistics argument.[19] This argument was raised unsuccessfully by Washington in his appeal to the Delaware Supreme Court.[20]

7.    The Commissioner addressed Grounds One, counsel's failure to move to suppress witnesses' out of court statements, and Supplemental Claim One, prosecutorial misconduct in summation, as ineffective assistance of counsel claims.[21] To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial

---

[16] *Id.* at 18.
[17] *Id.* at 19. The Commissioner also addressed this claim as an ineffective assistance of counsel claim.
[18] *Id.* at 24.
[19] *Id.* at 23.
[20] *Washington* at *4.
[21] D.I. 147 at 14, 20. In addition, the Commissioner addressed Supplemental Claim One in the context of procedural default.

with reliable results.[22] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[23] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[24] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[25] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[27] The Commissioner found that both of Washington's ineffective assistance of counsel claims failed both the performance and prejudice prongs of *Strickland*.[28]

8.    On September 27, 2016, the Commissioner issued his report and Recommendation on Defendant's Pro Se Motion for Postconviction Relief and Rule 61 Counsel's Motion to Withdraw that Washington's Amended Motion and

---

[22] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[23] *Id.* at 667-68.
[24] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[25] *Strickland*, 446 U.S. at 689.
[26] *Id.* at 694.
[27] *Strickland*, 466 U.S. at 697; *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[28] D.I. 147 at 14, 20.

Supplemental Claims for postconviction relief be **DENIED** and Andrew J. Witherell's Motion to Withdraw as Counsel be **GRANTED**.

**THEREFORE,** after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's comprehensive and well reasoned Report and Recommendation that Washington's Amended Motion and Supplemental Claims for postconviction relief be **DENIED,** and having carefully considered Washington's appeal thereof, the Commissioner's Report and Recommendation on Defendant's Pro Se Motion for Postconviction Relief and Rule 61 Counsel's Motion to Withdraw is **AFFIRMED**, Washington's Amended Motion and Supplemental Claims for postconviction relief are **DENIED**, and Andrew J. Witherell's Motion to Withdraw as Counsel is **GRANTED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services Office

8